IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAN BROOKFIELD | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | Civil Action No. 3:08-CV-01863-B |
| | § | |
| TRAVELERS INDEMNITY CO. OF | § | |
| CONNECTICUT | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM ORDER

Plaintiff Joan Brookfield brings this suit against Travelers Indemnity Co. of Connecticut claiming common-law bad faith and violations of the Texas Insurance Code for alleged delays in payments and approvals for certain worker's compensation benefits. Before the Court is the Defendant Travelers Indemnity Co. of Connecticut's Motion to Abate for Lack of Subject Matter Jurisdiction (doc. 8). For the reasons discussed below, the Motion to Abate is **GRANTED** and the case is **ABATED** pending final administrative decision. Furthermore, the Plaintiff's Motion for Leave to File Response to Defendant's Surreply (doc. 20) is **DENIED**.[1]

## I.

## LEGAL STANDARDS

"The Texas Workers' Compensation Act provides that the recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance for a work-related injury." *Roskey v. Continental Casualty Co.*, 190 S.W.3d 875, 880 (Tex. App.–Dallas

---

[1] The Court notes that it has allowed several extra briefs be filed in regard to this motion, by both parties. The Court is not inclined to allow any further briefing on this issue.

2006, pet. denied); TEX. LAB. CODE ANN. § 408.001(a) (Vernon 2006). The power to award compensation benefits is exclusively in the Texas Workers' Compensation Commission ("TWCC"), subject to judicial review as provided by the Act. *Am. Motorists Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001). By virtue of this power, the TWCC has exclusive power to award medical and income benefits, as well as preauthorize medical care for covered injuries. *Fodge*, 63 S.W.3d at 803; *Roskey*, 190 S.W.3d at 880.

When an administrative agency has exclusive jurisdiction over a determination, the complaining party must exhaust administrative remedies before seeking judicial review. *In re Entergy Corp.*, 142 S.W.3d 316, 321–22 (Tex. 2004). Until administrative remedies have been exhausted, the trial court lacks subject matter jurisdiction. *Subaru of Amer., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221. "Typically when a trial court lacks subject matter jurisdiction because an agency has exclusive jurisdiction, the trial court must dismiss without prejudice such claims falling within the agency's jurisdiction." *Subaru*, 84 S.W.3d at 227. However, "if the impediment to jurisdiction can be removed, then the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured." *Subaru*, 84 S.W.3d at 228 (quoting *Fodge*, 63 S.W.3d at 805).

A party that has exhausted its administrative remedies and is aggrieved by a final decision of the appeals panel may seek judicial review. TEX. LAB. CODE ANN. § 410.251 (Vernon 2006). "A decision of a hearing officer regarding benefits is final in the absence of a timely appeal by a party and is binding during the pendency of an appeal to the appeals panel." TEX. LAB. CODE ANN. § 410.169 (Vernon 2006). "A decision of the appeals panel regarding benefits is final in the absence of a timely appeal for judicial review." TEX. LAB. CODE ANN. § 410.205 (Vernon 2006). A binding written

agreement resolving all disputed issues is considered a final determination for purposes of the exhaustion of administrative remedies analysis. *Texas Mut. Ins. Co. v. Ruttinger*, 265 S.W.3d 651, 657–58 (Tex. App.–Houston [1st Dist.], pet. filed).

In a case similar to this one involving a bad-faith claim for delay of approval for certain medical treatment and delay in payment of workers' compensation benefits, the Dallas Court of Appeals affirmed the trial court's finding that the failure to exhaust administrative remedies through the TWCC deprives the court of subject matter jurisdiction. *Roskey*, 190 S.W.3d at 880.  The court of appeals noted that the Texas Supreme Court had concluded in *Fodge* that only the TWCC can determine a claimant's entitlement to worker's compensation benefits, so "'allowing courts to award damages for wrongful deprivation of benefits would circumvent the Commission's jurisdiction' and therefore could not be permitted." *Id.*

## II.

## ANALYSIS

In this case, the Defendant argues that the Court lacks subject matter jurisdiction over the case because Plaintiff has failed to exhaust her administrative remedies and the case must be abated until this impediment to jurisdiction is cured.  (M. to Abate 1.)  Plaintiff has submitted evidence that a benefit determination on her claims had been made. (Pl. Rejoinder to Def. Reply ¶ 1.)  Subsequent briefing has revealed that Plaintiff's TWCC claims are currently before the appeals panel.  (Def. Surreply 1–2.)

Plaintiff devotes much of her response to the Motion to her argument that a claim for denial or delay of benefits is actionable as a bad faith claim "with or without reference to a final decision of the [Division of Worker's Compensation]". (Pl. Resp. ¶ 3.)  Plaintiff argues that a claim for delay

- 3 -

of benefits need not be final in order for her to bring a claim for bad faith, relying on *Fodge* and *Ruttinger*. *Fodge*, 63 S.W.3d at 803–04; *Ruttinger*, 265 S.W.3d at 657–58. (*Id.* at ¶ 3–7.) Furthermore, according to Plaintiff, she was not required to bring her claims regarding the delay before the TWCC. Essentially, Plaintiff argues that she did not have to exhaust remedies with respect to benefits that were actually paid by TWCC, albeit after a delay, for which she asserts she had no need or duty to seek a administrative ruling. (Pl. Resp. ¶ 7.)

The Court finds that the cases upon which Plaintiff relies are easily distinguishable. The Court notes that in *Fodge*, the parties had a binding written agreement regarding the plaintiff's entitlement to temporary benefits, which is considered to be a final determination for purposes of exhaustion of administrative remedies. *Fodge*, 63 S.W.3d at 802–03. In addition, the employer conceded jurisdiction over the plaintiff's claim for temporary benefits in that case. *Id.* at 804–05. In *Ruttinger*, the parties had made a binding written agreement resolving all disputed issues, which is considered a final determination. *Ruttinger*, 265 S.W.3d at 657–58. Here, there is no binding written agreement, stipulation, or concession regarding jurisdiction which would make the issue final for purposes of review. Rather, Plaintiff's claims in this Court based on a delay of payment of medical benefits and delay in preauthorization of benefits arise from injuries for which the TWCC has not made a final determination of her entitlement to the benefits, regardless of the fact that the TWCC has paid on the claims. *See* TEX. LAB. CODE ANN. § 410.251; *see Roskey*, 190 S.W.3d at 880.

## III.

## CONCLUSION

Plaintiff's bad faith claims cannot be adjudicated until a final determination is made on her actual entitlement to the workers compensation benefits she claims were delayed. *See* TEX. LAB.

- 4 -

CODE ANN. § 410.251 (Vernon 2006); *Roskey*, 190 S.W.3d at 880. Until such time as her entitlement to these benefits has been established, Plaintiff has not exhausted her administrative remedies and the Court has no subject matter jurisdiction over a claim for bad faith based on the alleged delays. *See Roskey*, 190 S.W.3d at 880–81 (citing *Fodge*, 63 S.W.3d at 804).

Accordingly, the Motion to Abate is **GRANTED**. It is therefore **ORDERED** that his case is **ABATED** pending the resolution of any related administrative proceedings currently before the Texas Workers' Compensation Commission, including an administrative appeal. *See Fodge*, 63 S.W.3d at 805. Once the administrative proceedings are concluded, the parties are **DIRECTED** to file a Joint Status Report and to reopen the case by filing an appropriate motion within fifteen days after the final conclusion of administrative proceedings. The Clerk of the Court is directed to administratively close this case for statistical purposes.

SO ORDERED.

Dated: July 2, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE